UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FAÏZA HARBI | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. 1:16-cv-12394-FDS |
| | * | |
| MASSACHUSETTS INSTITUTE OF | * | |
| TECHNOLOGY, and WALTER LEWIN | * | |
| | * | |
| Defendants. | * | |

## **PLAINTIFF'S OPPOSITION TO MIT'S MOTION TO STRIKE REFERENCES TO THE DEAR COLLEAGUE LETTER**

The Defendant has filed a motion to strike the Plaintiffs references to the Dear Colleague letter referenced in Plaintiff's original complaint. The Defendant cited various cases in support of its motion. However, in a recent decision by the United States District Court of Massachusetts, in the matter of *Leader v. Harvard University Board of Overseers,* 2017 U.S. Dist. WL 1064160 (D. Mass. March 17, 2017) ("*Leader*"), the court addressed this precise matter. In determining whether or not to strike such a reference in a complaint, the court's focus must be on the prejudicial nature of keeping references to such matters in the complaint at the point in time when the motion is filed and not whether or not it is potentially confusing or prejudicial. Similar to the Defendant in the *Leader* case, MIT has failed to articulate any justifiable reason for striking the references to the dear colleague letter at this point in time in these proceedings. While the court confirmed that a Plaintiff may not rest her theory of liability solely upon MIT's failure to abide by such guidance documents, such documents may at least be relevant to the reasonableness of choices made by MIT in responding to Ms. Harbi's complaints. Accordingly, the court confirmed that there is a very high threshold for granting a motion to strike that had not

1

been met by Harvard in *Leader* and similarly, this threshold has not been met by MIT in the present case. Consistent with the ruling in the *Leader* case, the Plaintiffs request the court deny the Defendants' motion to strike for the same reasons articulated by Judge Casper in the *Leader* decision.

In *Leader*, Harvard sought to strike references in the complaint to an investigation conducted by the Department of Education Office of Civil Rights, regarding Harvard's compliance with Title IX. It is interesting to note that the court refused to strike these references as immaterial and in fact confirmed that if there is evidence that a school failed to follow its own sexual assault policies, such evidence would lend support to Plaintiff's claim that the school was deliberately indifferent. See *Leader v. Harvard University Board of Overseers* 2017 U.S. Dist.WL 1064160, at *7 (D. Mass. Mar. 17, 2017). In the instant case, Ms. Harbi has alleged that MIT failed to enforce and implement its own policies and procedures against sexual harassment. Such a failure can provide relevant evidence to support Plaintiff's claim that MIT violated Title IX.

Finally, in addition to considering factual allegations in a complaint, the court may consider documents attached as exhibits or incorporated by reference in the complaint. See *Leader,* 2017 U.S. Dist. WL 1064160, at *7 n. 1. Similarly, in *Butters v. James Madison University*, the court confirmed that many courts have held that a school's compliance or noncompliance with the Dear Colleague Letter can be a factor that a court should consider. *Butters v. James Madison University*, 2016 U.S. Dist. WL 5317695, at * 11 (W.D. Vir. Sept. 22, 2016) (citing *Karasek v. Regents of the Univ. of Cal.*, No. 15–cv–3717, 2016 WL 4036104, at *11 (N.D. Cal. July 28, 2016) ("Failure to adhere to the DCL may be bad policy, but standing alone it does not constitute deliberate indifference."); *Ross v. Univ. of Tulsa*, No. 14–cv–484, ––– F.Supp.3d –––, –––,

2016 WL 1545138, at *14 (N.D. Okla. Apr. 15, 2016), *appeal pending*, No. 16–5053 (10th Cir.) (holding that failing to follow best practices or the guidance in the DCL did not render the university's response deliberately indifferent); *Moore v. Regents of the Univ. of Cal.* No. 15–cv 5779, 2016 WL 2961984, at *5 (N.D. Cal. May 23, 2016) (rejecting as "misguided" the Plaintiff's argument that the court should defer to guidance such as the DCL letter in deciding whether a university's actions amount to deliberate indifference); *Doe v. Forest Hills Sch. Dist.*, No. 1:13–cv–428, 2015 WL 9906260, at *10 (W.D. Mich. Mar. 31, 2015) ("Although failure to comply with Title IX guidance does not, on its own, constitute deliberate indifference, it is one consideration."); *Bleiler v. Coll. of Holy Cross*, No. 11–cv–11541, 2013 WL 4714340, at *5 (D. Mass. Aug. 26, 2013) (noting that the guidance in the DCL "does not have independent force of law but informs this Court's evaluation of whether the College's procedures were 'equitable'"). But see *Yu v. Vassar Coll.*, 97 F.Supp.3d 448, 462, 465 & n. 7 (S.D.N.Y. 2015) (citing to the DCL and describing it as a "significant guidance document," and using the guidance to evaluate a college's disciplinary proceedings as they relate to due process).

    For the reasons stated herein, the Defendant's motions to strike should be denied.

        Respectfully Submitted,

        The Plaintiff,
        By His Attorney,

         */s/ David P. Angueira*
        David P. Angueira, BBO #019610
        Swartz & Swartz, P.C.
        10 Marshall Street
        Boston, MA 02108
        Tel: (617) 742-1900
        Fax: (617) 367-7193
        dangueira@swartzlaw.com

## **CERTIFICATE OF SERVICE**

I, David P. Angueira, Esq., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 7th day of April 2017.

>                             */s/ David P. Angueira*
>                             David P. Angueira, Esq.