# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FAIZA HARBI, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> ) <br> MASSACHUSETTS INSTITUTE OF ) <br> TECHNOLOGY, et.al., ) <br> ) <br> Defendants ) <br> ) | CIVIL ACTION NO. 1:16-cv-12394-FDS |

## MASSACHUSETTS INSTITUTE OF TECHNOLOGY'S MOTION TO STRIKE

Pursuant to Federal Rule of Civil Procedure 12(f), Defendant Massachusetts Institute of Technology ("MIT") respectfully requests that the Court strike Paragraphs 50 through 57 of Plaintiff Faiza Harbi's Amended Complaint on the grounds that the allegations are superfluous, immaterial, and prejudicial.

## Background

Plaintiff, a resident of France, alleges that Walter Lewin, a former Massachusetts Institute of Technology ("MIT") professor engaged in online activity of a sexual nature by private messaging and Skype conversations while she was participating in an online course taught by the professor via edX, an independent non-profit organization which offers massive open online courses ("MOOCs") to anyone with an internet connection anywhere in the world. It is undisputed that when the plaintiff reported to MIT that she believed the professor was sexually harassing her, MIT responded immediately by conducting a prompt investigation, and as a result of the investigation's findings, severed all ties with the professor. Nevertheless, plaintiff has sued MIT alleging violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 *et seq*.

1

B4660345.2

("Title IX"), violation of G.L. c. 214, § 1C, and common law claims of negligence, negligent infliction of emotional distress, and breach of contract.

Paragraphs 50 through 57 of plaintiff's amended complaint recite information from guidance issued by the United States Department of Education Office of Civil Rights ("OCR"). In particular, plaintiff refers to a "Dear Colleague Letter" issued by the OCR dated April 4, 2011. Compl. ¶¶ 50-57. Plaintiff alleges, in Compl. ¶ 57, that MIT did not comply with this OCR-issued document. Because the OCR document that plaintiff refers to and the guidance it contains do not have the force and effect of law, Paragraphs 50 through 57 are immaterial to plaintiff's claims, prejudicial to MIT, and should be stricken.

## Argument

Plaintiff's amended complaint contains eight lengthy and detailed allegations summarizing various provisions set forth in an OCR guidance document and attaches the document as an exhibit to her amended complaint. Compl. ¶¶ 50-57 and Exhibit B. After this recitation, plaintiff alleges that "MIT failed to comply with these guidelines" and that such failure constitutes a violation of Title IX. *See, e.g.*, Compl. ¶¶ 57, 73 ("MIT's failed to meet the requirements of Title IX, its own policies and procedures and the Department of Education OCR guidelines . . ."). Plaintiff's reliance on these guidelines to set forth a claim for violation of Title IX is incorrect as these guidelines do not carry the force of law. Thus, they are immaterial to the amended complaint and should be stricken.

Under Federal Rule of Civil Procedure 12(f), "[a] court has considerable discretion in striking 'any redundant, immaterial, impertinent or scandalous matter.'" *Alvarado-Morales v. Dig. Equip. Corp.*, 843 F.2d 613, 618 (1st Cir. 1988) (quoting Fed. R. Civ. P. 12(f)). Motions to strike are intended to "avoid the expenditure of time and money that must arise from litigating spurious

issues." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517(1994); *see also 4MVR, LLC v. Hill*, 2015 U.S. Dist. LEXIS 81904, at *23 (D. Mass. June 24, 2015) (citing *Fantasy, Inc.*, 984 F.2d 1524 (9th Cir. 1993)).

While MIT's policies and practices are fully in line with the recommendations set forth in the OCR guidance, the allegations that plaintiff makes in Paragraphs 50 through 57 of the amended complaint are wholly immaterial to her claims. Plaintiff's amended complaint includes multiple paragraphs of allegations regarding an OCR guidance document that created no legal obligations. *See Moore v. Regents of Univ. of Cal.*, 2016 WL 2961984, at *5 (N.D. Cal. May 23, 2016) (reliance on the 2011 Dear Colleague Letter and other guidance document is not permitted because "[t]here is no private right of action to recover damages… for violations of [the Department of Education's] administrative requirements, much less the provisions of… agency guidance documents"); *see also Gebser v. Lago Vista Indep. Sch. Dist.,* 524 U.S. 274, 292 (alleged failures to comply with regulations "does not itself constitute 'discrimination' under Title IX… We have never held… that the implied private right of action under Title IX allows recovery in damages for violation of these sorts of administrative requirements"); *Perez v. Mortgage Bankers Ass'n.*, 135 S. Ct. 1199 (2015). In fact, OCR has itself acknowledged and clearly stated multiple times that its guidance documents do not have the force and effect of law. *See* Office for Civil Rights, Letter to Senator Lankford at 2 (Feb. 17, 2016)[1]("The Department does not view such guidance to have the force and effect of law."); *see also*, Dear Colleague Letter at 1, n.1 ("This letter does not add requirements to applicable law.").

---

[1] OCR's letter to Senator Lankford is attached as Exhibit A to this Motion and is also available for review at http://www.chronicle.com/items/biz/pdf/DEPT.%20of%20EDUCATION%20RESPONSE%20TO%20LANKFORD%20LETTER%202-17-16.pdf.

Because the document that forms the basis of plaintiff's allegations in Paragraphs 50 through 57 does not have the force and effect of law, the allegations are superfluous and immaterial to any claims and defenses in this matter. The allegations are also prejudicial to Defendant MIT because they imply that plaintiff's Title IX claim is based, in part, on MIT's alleged failure to comply with such guidance documents. *See Doe v. Brimfield Grade School*, 552 F. Supp. 2d, 816, 825 (C.D. Ill. 2008) (allegations relating to Title IX regulations should be stricken as prejudicial because their inclusion erroneously "impl[ied] that the Title IX claim is based in part on the school's failure to follow the federal regulations"). While MIT objects to and denies any such conclusion, plaintiff cannot make a legal claim on this basis. The allegations should therefore be stricken.

### Conclusion

For the foregoing reasons, MIT respectfully requests that the Court strike Paragraphs 50 through 57 of plaintiff's amended complaint and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,
By its attorneys,

*/s/ Martin F. Murphy*
Martin F. Murphy, BBO 363250
Jennifer A. Kirby, BBO 678885
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
617-832-1000
mmurphy@foleyhoag.com
jkirby@foleyhoag.com

4

DATED: May 12, 2017

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

I hereby certify that we, MIT's counsel, have conferred with counsel for Plaintiff in a good faith attempt to narrow or resolve the issues presented in this motion.

*/s/ Jennifer A. Kirby*
Jennifer A. Kirby, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 12th day of March 2017.

*/s/ Jennifer A. Kirby*

B4660345.2