UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FAÏZA HARBI | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. 1:16-cv-12394-FDS |
| | * | |
| MASSACHUSETTS INSTITUTE OF | * | |
| TECHNOLOGY, and WALTER LEWIN | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF FAIZA HARBI'S MOTION TO FILE SUR-REPLY**

NOW COMES the Plaintiff Faiza Harbi and requests this Honorable Court's permission to file a brief surreply to address the issues raised by the Defendant Walter Lewin's Reply to Ms. Harbi's Opposition to Defendant's Motion to Dismiss.

Specifically, upon review of the Defendant's arguments related to the issue of the voluntary assumed duty, Ms. Harbi's counsel has reviewed the authority cited by the Defendant and based upon the case law and statutory authority disagrees with the Defendant that the only obligation in regards to the voluntarily assumed undertaking of a duty is to refrain from gross negligence. Ms. Harbi also wishes to address other matters as contained in the surreply attached hereto as **Exhibit A.**

                                                                                           Respectfully Submitted,
                                                                                          The Plaintiff,
                                                                                           By Her Attorney,

                                                                                          */s/ David P. Angueira*
                                                                                          David P. Angueria, BBO #019610
                                                                                          Swartz & Swartz, P.C.
                                                                                          10 Marshall Street
                                                                                          Boston, MA 02108
                                                                                         Tel: (617) 742-1900
                                                                                         Fax: (617) 367-7193
                                                                                         [dangueira@swartzlaw.com](mailto:dangueira@swartzlaw.com)

## **CERTIFICATE OF SERVICE**

      I, David P. Angueira, Esq., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 7th day of July, 2017.

                                                     */s/ David P. Angueira*___
                                                     David P. Angueira

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FAÏZA HARBI | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   CIVIL ACTION NO. 1:16-cv-12394-FDS |
| | * |
| MASSACHUSETTS INSTITUTE OF | * |
| TECHNOLOGY, and WALTER LEWIN | * |
| | * |
| Defendants. | * |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT WALTER LEWIN'S REPLY TO PLAINTIFF'S OPPOSITION TO LEWIN'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES, the Plaintiff Ms. Faiza Harbi ("Ms. Harbi") and submits this Sur-Reply in response to Defendant Walter Lewin's ("Defendant") Reply to Plaintiff's Opposition to Lewin's Motion to Dismiss Plaintiff's Amended Complaint. The Defendant's Reply mistakes the law and the facts in several aspects.

1. Application of M.G.L.c. 214, §1C.

The Defendant claims that Ms. Harbi has allegedly abandoned her claim in her Amended Complaint, that M.G.L.c. 214, §1C imposes a duty of care on the Defendant. *See* Defendant's Reply at 2. This notion is erroneous. Due to the principal-agency relationship between the Defendant and MIT, the Defendant is so bound by MIT's policies and procedures regarding a student's right to be free from sexual harassment, both online and on-campus. In regards to a principal-agency relationship, only the words and conduct of the principal, not those of the agent, are considered in determining the existence of such authority. *Licata v. GGNS Malden Dexter LLC,* 466 Mass. 793, 801, 2 N.E.3d 840 (2014). Since MIT has failed to express either through words or actions that the Defendant is *not* an agent, the Defendant, whether he likes it or not, is bound by

1

the same legal obligations as MIT. These obligations are reflected, as required by G.L.c. 214, §1C, in MIT's policies and procedures that the Defendant must abide by and so breached.

2. Voluntarily Assumed Duty of Care.

The Defendant's claim that the *only* obligation in regards to the voluntarily assumed undertaking of a duty is to refrain from gross negligence. *See* Defendant's Reply at 6. In support of this assertion the Defendant has cite *Mullins v. Pine Manor College,* a Supreme Judicial Court decision which ultimately held that a jury could have found that students and their parents relied on the willingness of colleges such as the school defendant to exercise due care to protect them from foreseeable harm. 389 Mass. 47, 54, 449 N.E.2d 331 (1983). Further, the footnote in which the Defendant has derived this alleged sole obligation has been grossly misconstrued and taken out of context. The case in which this footnote is derived is *Motta v. Mello*, a Supreme Judicial Court decision regarding actions for injuries sustained when the plaintiff tripped and fell over extension of an exhaust pipe of the defendant's automobile. 338 Mass 170, 154 N.E.2d 364 (1958). The Defendant's reliance on *Motto* in regards the unique circumstances in the case at bar is grossly misplaced. It has been strong emphasized in many opinions that each new case of alleged gross negligence must be decided with particular reference to *its own* circumstances. *Bruno v. Donahue,* 305 Mass. 30, 34, 24 N.E.2d 761, 763 (1940); *Beaton v. Dawson,* 303 Mass. 429, 21 N.E.2d 965 (1939); *Lynch v. Springfield Safe Deposit & Trust Co.,* 294 Mass. 170, 172, 200 N.E. 914, 915 (1936). Aside from the Defendant's cited case, no other case law *specifically* in regards to teacher-student harassment exists as to whether gross negligence is the only obligation when voluntarily assuming a duty to the best of Ms. Harbi's knowledge.

Here, even if the Court were to take the notion that the only obligation the Defendant had to fulfill is to refrain from gross negligence as true, in light of the circumstances − Ms. Harbi's

mental state, her past sexual abuse as both a toddler *and* young adult, the power dynamic between a world-renowned university professor in comparison to an online student, and the special relationship between a professor and a student – it is completely ludicrous to suggest that the Defendant would attempt to equate such happenings to a person tripping over an exhaust pipe sticking out of the back of a truck. The Defendant of his own volition and candid admission took on a counseling role with respect to Ms. Harbi's alleged lack of sexual confidence. Once the Defendant undertook that role, he had a duty to refrain from acting negligently per MIT's policies and procedures to which he was bound. Further, due to the special relationship between a teacher and a student, stemming from the Defendant's principal-agency relationship, the Defendant had a duty that extended to those acts that are reasonably foreseeable. *Leader v. Harvard University Board of Overseers*, 2017 U.S. Dist. WL 1064160 at *5 (D. Mass. 2017); *Schneider v. Plymouth State DCCC,* 144 N.H. 458, 744 A.2d 101, 105-06 (N.H. 1999). The Defendant does not need extensive training in counseling services or a degree in psychology to reasonably know that openly masturbating in front of a sexual abuse victim under the guise of 'helping' her is a breach of the duty he voluntarily assumed. In addition, the Defendant's actions and the effect of his actions rose to the level of gross negligence when physical harm – Ms. Harbi engaging in self-mutilation – resulted and Ms. Harbi had to be hospitalized.

Dated: July 7, 2017

Respectfully Submitted,
The Plaintiff,
By Her Attorney,

*/s/ David P. Angueira*
David P. Angueira
BBO #019610
Swartz & Swartz, P.C.
10 Marshall Street
Boston, MA 02108
Tel: (617) 742-1900

3

4

Fax: (617) 367-7193
dangueira@swartzlaw.com

## **CERTIFICATE OF SERVICE**

      I, David P. Angueira, Esq., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 7th day of July 2017.

                                           */s/ David P. Angueira*
                                           David P. Angueira, Esq.