UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FAIZA HARBI,<br><br>             Plaintiff,<br><br>      v.<br><br>MASSACHUSETTS INSTITUTE OF<br>TECHNOLOGY, et. al.,<br><br>             Defendants. | CIVIL ACTION NO. 1:16-cv-12394-FDS |

## ANSWER TO AMENDED COMPLAINT

Defendant Massachusetts Institute of Technology ("MIT") hereby answers the Amended Complaint of Plaintiff Faiza Harbi as follows.

## PRELIMINARY STATEMENT

Defendant states that the preliminary, unnumbered paragraph in Plaintiff's Amended Complaint contains introductory material and legal allegations to which no response is necessary. To the extent that the preliminary, unnumbered paragraph contains factual allegations to which a response is required, Defendant denies those allegations.

## PARTIES AND JURISDICTION

1.       Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

2.       Defendant admits that MIT is an institution of higher learning that receives federal funding. Defendant otherwise denies the allegations of Paragraph 2.

3.       Defendant denies the allegations of Paragraph 3.

4.       Defendant states that Paragraph 4 asserts legal conclusions to which no response is required.

5.      Defendant states that Paragraph 5 asserts legal conclusions to which no response is required.

<h2 style="text-align:center">FACTS COMMON TO ALL CAUSES OF ACTION</h2>

6.      Defendant admits that the edX course "For the Love of Physics" (8.01X) taught by Defendant Lewin began in September 2013. Defendant otherwise denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

7.      Defendant admits the allegations in the first sentence of Paragraph 7. Further answering, Defendant states that 8.01x was a physics course taught by Defendant Lewin and offered by MIT through edX, an online educational platform. Defendant denies the allegation that students in the fall of 2013 course 8.01x could pay a fee to obtain a certificate of mastery upon completion of the course. In the fall of 2013 and winter of 2014, students received certificates of completion from MIT upon successful completion of the edX course, but the certificate did not require payment of a fee. Otherwise, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7.

8.      Defendant states that Paragraph 8 asserts legal conclusions to which no response is required. Further answering, Defendant denies that any contract or agreement between it and Plaintiff existed. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

9.      Defendant states that Paragraph 9 asserts legal conclusions to which no response is required. Further answering, Defendant states that it investigated Plaintiff's complaints promptly and the conclusions of that investigation were provided in a report attached as Exhibit A to the Amended Complaint (the "MIT Report"). Defendant states that the document speaks for itself.

B4762492.1

Defendant otherwise denies the allegations in Paragraph 9 or lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

10.     Defendant denies the allegations of Paragraph 10.

11.     Defendant states that "at all relevant times" is vague and imprecise and therefore denies the allegations of Paragraph 11. Defendant states that Paragraph 11 includes assertions about legal conclusions to which no response is required. Further answering, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendant Lewin's knowledge and understanding. Defendant admits that a document "Policies and Procedures: A Guide for Faculty and Staff Members" exists and states that the document speaks for itself.

12.     Defendant states that to the extent that the allegations in Paragraph 12 quote from the MIT Report, the Report speaks for itself. Defendant otherwise denies the allegations of Paragraph 12.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15.     Defendant states that to the extent that the allegations in Paragraph 15 rely upon documents quoted in the MIT Report, the Report and documents speak for themselves. Otherwise, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16.     Defendant states that to the extent that the allegations in Paragraph 16 rely upon documents quoted in the MIT Report, the Report and documents speak for themselves. Otherwise,

B4762492.1

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.    Defendant states that to the extent that the allegations in Paragraph 17 rely upon documents, the documents speak for themselves. Otherwise, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

18.    Defendant states that to the extent that the allegations in Paragraph 18 rely upon documents quoted in the MIT Report, the Report and documents speak for themselves. Otherwise, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.    Defendant states that the allegation in Paragraph 20 regarding a "quid pro quo" is a legal conclusion to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20.

21.    Defendant states that to the extent that the allegations in Paragraph 21 rely upon documents quoted in the MIT Report, the Report and documents speak for themselves. Otherwise, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22.    Defendant states that the allegations in Paragraph 22 include assertions about legal conclusions to which no response is required. To the extent that the allegations in Paragraph 16 rely upon documents quoted in the MIT Report, the Report and documents speak for themselves. Otherwise, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

B4762492.1

23.     Defendant states that the allegations in Paragraph 23 include assertions about legal conclusions to which no response is required. To the extent that the allegations in Paragraph 16 rely upon documents quoted in the MIT Report, the Report and documents speak for themselves. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24. Further answering, Defendant states that the allegations include expressions of opinion to which no response is required.

25.     Defendant states that the allegations in Paragraph 25 include expressions of opinions to which no response is required. Further answering, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 25. Defendant states that the second sentence in Paragraph 25 asserts legal conclusions to which no response is required.

26.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 28. Further answering, Defendant states that the allegations include expressions of opinion to which no response is required.

29.     Defendant states that the allegations in Paragraph 29 include assertions of law to which no response is required. To the extent that any response is required, Defendant denies the allegations in Paragraph 29.

30.     Defendant admits the allegations in Paragraph 30.

31.     Defendant admits the allegations in Paragraph 31.

32.     Defendant admits that it issued a report of the investigation into Plaintiff's complaint and further states that the document speaks for itself. Defendant otherwise denies the allegations in Paragraph 32.

33.     Defendant states that the allegations in Paragraph 33 assert legal conclusions to which no response is required.

34.     Defendant admits that MIT has policies defining sexual harassment and states that the policies speak for themselves. Defendant otherwise denies the allegations in Paragraph 34.

35.     Defendant answers that at the conclusion of its investigation, MIT severed all ties with Defendant Lewin. Defendant otherwise denies the allegations in Paragraph 35.

36.     Defendant admits that it issued a report of the investigation into Plaintiff's complaint and further states that the document speaks for itself. Defendant otherwise denies the allegations in Paragraph 36.

37.     Defendant admits that it issued a report of the investigation into Plaintiff's complaint and further states that the document speaks for itself. Defendant otherwise denies the allegations in Paragraph 37.

38.     Defendant admits that it issued a report of the investigation into Plaintiff's complaint and further states that the document speaks for itself. Defendant otherwise denies the allegations in Paragraph 38.

39.     Defendant admits that it issued a report of the investigation into Plaintiff's complaint and further states that the document speaks for itself. Defendant otherwise denies the allegations in Paragraph 39.

- 6 -

40.     Defendant states that "at all times relevant" is vague and imprecise and therefore denies the allegations of Paragraph 40. Further answering, Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in Paragraph 40.

41.     Defendant states that "at all relevant times" is vague and imprecise and therefore denies the allegations of Paragraph 41. Further answering, Defendant states that the allegations in Paragraph 42 assert a legal conclusion to which no response is required.

42.     Defendant states that "at all relevant times" is vague and imprecise and therefore denies the allegations of Paragraph 42. Further answering, Defendant states that the allegations in Paragraph 42 assert a legal conclusion to which no response is required.

43.      Defendant admits that it issued a report of the investigation into Plaintiff's complaint and further states that the document speaks for itself. To the extent that the allegations quote documents, Defendant states that the documents speak for themselves. Defendant otherwise denies the allegations in Paragraph 43.

44.     Defendant admits that it issued a report of the investigation into Plaintiff's complaint and further states that the document speaks for itself. Defendant otherwise denies the allegations in Paragraph 44.

45.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 45. Further answering, Defendant states that the allegations contain opinions to which no response is required.

46.     Defendant states that the allegations in Paragraph 46 assert legal conclusions to which no response is required. Further answering, Defendant states that the allegations relate to Title IX, and the Title IX claim has been dismissed; therefore, no response is required. Defendant

states that it lacks knowledge or information sufficient to form a belief as to the truth of Lewin's beliefs and awareness. Defendant otherwise denies the factual allegations in Paragraph 46.

47.     Defendant admits that it issued a report of the investigation into Plaintiff's complaint and further states that the document speaks for itself. Defendant otherwise denies the allegations in Paragraph 47.

48.     Defendant admits that it issued a report of the investigation into Plaintiff's complaint and further states that the document speaks for itself. Defendant otherwise denies the allegations in Paragraph 48.

49.     Defendant admits that it issued a report of the investigation into Plaintiff's complaint and further states that the document speaks for itself. Further answering, Defendant states that the allegations in Paragraph 49 include assertions about legal conclusions to which no response is required. Defendant otherwise denies the allegations in Paragraph 49.

50.     Defendant states that the allegations in Paragraph 50 relate to Title IX, and the Title IX claim has been dismissed; therefore, no response is required. To the extent that a response is required or the allegations relate to any other claim, Defendant states that the DOE guidance issued on April 4, 2011, which speaks for itself, was rescinded and is no longer applicable.

51.     Defendant states that the allegations in Paragraph 51 relate to Title IX, and the Title IX claim has been dismissed; therefore, no response is required. To the extent that a response is required or the allegations relate to any other claim, Defendant states that the DOE guidance issued on April 4, 2011, which speaks for itself, was rescinded and is no longer applicable.

52.     Defendant states that the allegations in Paragraph 52 relate to Title IX, and the Title IX claim has been dismissed; therefore, no response is required. To the extent that a response is required or the allegations relate to any other claim, Defendant states that the DOE guidance issued

on April 4, 2011, which speaks for itself, was rescinded and is no longer applicable. Defendant states that the DOE guidance of 2001 speaks for itself and the characterization of it in the allegations in Paragraph 52 are opinions and assertions of legal conclusions to which no response is required.

53.     Defendant states that the allegations in Paragraph 53 relate to Title IX, and the Title IX claim has been dismissed; therefore, no response is required. Defendant states that the allegations in Paragraph 53 are opinion and assert legal conclusions to which no response is required. Defendant states that OCR guidance speaks for itself and no response is required.

54.     Defendant states that the allegations in Paragraph 54 relate to Title IX, and the Title IX claim has been dismissed; therefore, no response is required. Defendant states that the allegations in Paragraph 54 are opinion and assert legal conclusions to which no response is required. Defendant states that OCR guidance speaks for itself and no response is required.

55.     Defendant states that the allegations in Paragraph 55 relate to Title IX, and the Title IX claim has been dismissed; therefore, no response is required. Defendant states that the allegations in Paragraph 55 are opinion and assert legal conclusions to which no response is required. Defendant states that OCR guidance speaks for itself and no response is required.

56.     Defendant states that the allegations in Paragraph 56 relate to Title IX, and the Title IX claim has been dismissed; therefore, no response is required. Defendant states that the allegations in Paragraph 56 are opinion and assert legal conclusions to which no response is required. Defendant states that OCR guidance speaks for itself and no response is required. Further answering, Defendant denies the allegations in Paragraph 56 that it has not complied with OCR requirements.

B4762492.1

57.     Defendant states that the allegations in Paragraph 57 relate to Title IX, and the Title IX claim has been dismissed; therefore, no response is required. Defendant states that the allegations in Paragraph 56 are opinion and assert legal conclusions to which no response is required. Defendant states that OCR guidance speaks for itself and no response is required. Further answering, Defendant denies the allegations in Paragraph 57 that it has not complied with DOE guidance and OCR requirements.

## COUNT I
## VIOLATION OF TITLE IX AGAINST DEFENDANT MIT

58.     Defendant states that the Court has dismissed this Count pursuant to its Order on Defendant's Motion to Dismiss, D.N. 78. Therefore, no response is required to the allegations in Paragraph 58. To the extent that the allegations are incorporated into other Counts, Defendant repeats its responses to Paragraphs 1 through 57.

59.     Defendant states that the Court has dismissed this Count pursuant to its Order on Defendant's Motion to Dismiss, D.N. 78. Therefore, no response is required to the allegations in Paragraph 59. To the extent that the allegations are incorporated into other Counts, Defendant states that the allegations assert legal conclusions to which no response is required. To the extent that Paragraph 59 asserts any factual allegations, Defendant denies those allegations.

60.     Defendant states that the Court has dismissed this Count pursuant to its Order on Defendant's Motion to Dismiss, D.N. 78. Therefore, no response is required to the allegations in Paragraph 60. To the extent that the allegations are incorporated into other Counts, Defendant states that the allegations assert legal conclusions to which no response is required. To the extent that Paragraph 60 asserts any factual allegations, Defendant denies those allegations.

61.     Defendant states that the Court has dismissed this Count pursuant to its Order on Defendant's Motion to Dismiss, D.N. 78. Therefore, no response is required to the allegations in

- 10 -

Paragraph 61. To the extent that the allegations are incorporated into other Counts, Defendant states that the allegations assert legal conclusions to which no response is required. To the extent that Paragraph 61 asserts any factual allegations, Defendant denies those allegations.

62.     Defendant states that the Court has dismissed this Count pursuant to its Order on Defendant's Motion to Dismiss, D.N. 78. Therefore, no response is required to the allegations in Paragraph 62. To the extent that the allegations are incorporated into other Counts, Defendant states that the allegations assert legal conclusions to which no response is required. To the extent that Paragraph 62 asserts any factual allegations, Defendant denies those allegations.

63.     Defendant states that the Court has dismissed this Count pursuant to its Order on Defendant's Motion to Dismiss, D.N. 78. Therefore, no response is required to the allegations in Paragraph 63. To the extent that the allegations are incorporated into other Counts, Defendant states that the allegations assert legal conclusions to which no response is required. To the extent that Paragraph 63 asserts any factual allegations, Defendant denies those allegations.

64.     Defendant states that the Court has dismissed this Count pursuant to its Order on Defendant's Motion to Dismiss, D.N. 78. Therefore, no response is required to the allegations in Paragraph 64. To the extent that the allegations are incorporated into other Counts, Defendant states that the allegations assert legal conclusions to which no response is required. To the extent that Paragraph 64 asserts any factual allegations, Defendant denies those allegations.

65.     Defendant states that the Court has dismissed this Count pursuant to its Order on Defendant's Motion to Dismiss, D.N. 78. Therefore, no response is required to the allegations in Paragraph 65. To the extent that the allegations are incorporated into other Counts, Defendant states that the allegations assert legal conclusions to which no response is required. To the extent that Paragraph 65 asserts any factual allegations, Defendant denies those allegations.

B4762492.1

66.     Defendant states that the Court has dismissed this Count pursuant to its Order on Defendant's Motion to Dismiss, D.N. 78. Therefore, no response is required to the allegations in Paragraph 66. To the extent that the allegations are incorporated into other Counts, Defendant states that the allegations assert legal conclusions to which no response is required. To the extent that Paragraph 66 asserts any factual allegations, Defendant denies those allegations.

67.     Defendant states that the Court has dismissed this Count pursuant to its Order on Defendant's Motion to Dismiss, D.N. 78. Therefore, no response is required to the allegations in Paragraph 67. To the extent that the allegations are incorporated into other Counts, Defendant states that the allegations assert legal conclusions to which no response is required. To the extent that Paragraph 67 asserts any factual allegations, Defendant denies those allegations.

68.     Defendant states that the Court has dismissed this Count pursuant to its Order on Defendant's Motion to Dismiss, D.N. 78. Therefore, no response is required to the allegations in Paragraph 68. To the extent that the allegations are incorporated into other Counts, Defendant states that the allegations assert legal conclusions to which no response is required. To the extent that Paragraph 68 asserts any factual allegations, Defendant denies those allegations.

69.     Defendant states that the Court has dismissed this Count pursuant to its Order on Defendant's Motion to Dismiss, D.N. 78. Therefore, no response is required to the allegations in Paragraph 69. To the extent that the allegations are incorporated into other Counts, Defendant states that the allegations assert legal conclusions to which no response is required. To the extent that Paragraph 69 asserts any factual allegations, Defendant denies those allegations.

70.     Defendant states that the Court has dismissed this Count pursuant to its Order on Defendant's Motion to Dismiss, D.N. 78. Therefore, no response is required to the allegations in Paragraph 70. To the extent that the allegations are incorporated into other Counts, Defendant

B4762492.1

states that the allegations assert legal conclusions to which no response is required. To the extent that Paragraph 70 asserts any factual allegations, Defendant denies those allegations.

71.     Defendant states that the Court has dismissed this Count pursuant to its Order on Defendant's Motion to Dismiss, D.N. 78. Therefore, no response is required to the allegations in Paragraph 71. To the extent that the allegations are incorporated into other Counts, Defendant states that the allegations assert legal conclusions to which no response is required. To the extent that Paragraph 71 asserts any factual allegations, Defendant denies those allegations.

72.     Defendant states that the Court has dismissed this Count pursuant to its Order on Defendant's Motion to Dismiss, D.N. 78. Therefore, no response is required to the allegations in Paragraph 72. To the extent that the allegations are incorporated into other Counts, Defendant states that the allegations assert legal conclusions to which no response is required. To the extent that Paragraph 72 asserts any factual allegations, Defendant denies those allegations.

73.     Defendant states that the Court has dismissed this Count pursuant to its Order on Defendant's Motion to Dismiss, D.N. 78. Therefore, no response is required to the allegations in Paragraph 73. To the extent that the allegations are incorporated into other Counts, Defendant states that the allegations assert legal conclusions to which no response is required. To the extent that Paragraph 73 asserts any factual allegations, Defendant denies those allegations.

74.     Defendant states that the Court has dismissed this Count pursuant to its Order on Defendant's Motion to Dismiss, D.N. 78. Therefore, no response is required to the allegations in Paragraph 74. To the extent that the allegations are incorporated into other Counts, Defendant states that the allegations assert legal conclusions to which no response is required. To the extent that Paragraph 74 asserts any factual allegations, Defendant denies those allegations.

B4762492.1

75.     Defendant states that the Court has dismissed this Count pursuant to its Order on Defendant's Motion to Dismiss, D.N. 78. Therefore, no response is required to the allegations in Paragraph 75. To the extent that the allegations are incorporated into other Counts, Defendant states that the allegations assert legal conclusions to which no response is required. To the extent that Paragraph 75 asserts any factual allegations, Defendant denies those allegations.

76.     Defendant states that the Court has dismissed this Count pursuant to its Order on Defendant's Motion to Dismiss, D.N. 78. Therefore, no response is required to the allegations in Paragraph 76. To the extent that the allegations are incorporated into other Counts, Defendant states that the allegations assert legal conclusions to which no response is required. To the extent that Paragraph 76 asserts any factual allegations, Defendant denies those allegations.

## COUNT II
## NEGLIGENCE AGAINST DEFENDANT MIT

77.     Defendant repeats its responses to Paragraphs 1-75.

78.     Defendant states that the allegations in Paragraph 78 assert legal conclusions to which no response is required. To the extent that Paragraph 78 asserts any factual allegations, Defendant denies those allegations.

79.     Defendant states that the allegations in Paragraph 79 assert legal conclusions to which no response is required. To the extent that Paragraph 79 asserts any factual allegations, Defendant denies those allegations.

80.     Defendant states that the allegations in Paragraph 80 assert legal conclusions to which no response is required. To the extent that Paragraph 80 asserts any factual allegations, Defendant denies those allegations.

B4762492.1

81.     Defendant states that the allegations in Paragraph 81 assert legal conclusions to which no response is required. To the extent that Paragraph 81 asserts any factual allegations, Defendant denies those allegations.

82.     Defendant states that the allegations in Paragraph 82 assert legal conclusions to which no response is required. To the extent that Paragraph 82 asserts any factual allegations, Defendant denies those allegations.

83.     Defendant states that the allegations in Paragraph 83 assert legal conclusions to which no response is required. To the extent that Paragraph 83 asserts any factual allegations, Defendant denies those allegations.

84.     Defendant states that the allegations in Paragraph 84 assert legal conclusions to which no response is required. To the extent that Paragraph 84 asserts any factual allegations, Defendant denies those allegations.

85.     Defendant states that the allegations in Paragraph 85 assert legal conclusions to which no response is required. To the extent that Paragraph 85 asserts any factual allegations, Defendant denies those allegations.

86.     Defendant states that the allegations in Paragraph 86 assert legal conclusions to which no response is required. To the extent that Paragraph 86 asserts any factual allegations, Defendant denies those allegations.

87.     Defendant states that the allegations in Paragraph 87 assert legal conclusions to which no response is required. To the extent that Paragraph 87 asserts any factual allegations, Defendant denies those allegations.

B4762492.1

88.     Defendant states that the allegations in Paragraph 88 assert legal conclusions to which no response is required. To the extent that Paragraph 88 asserts any factual allegations, Defendant denies those allegations.

**COUNT III**
**NEGLIGENCE AGAINST DEFENDANT WALTER LEWIN**

89.     Defendant states that the allegations in Paragraph 89 are directed at Defendant Lewin. To the extent that any response by MIT is required, Defendant repeats its responses to Paragraphs 1 through 87.

90.     Defendant states that the allegations in Paragraph 90 are directed at Defendant Lewin. To the extent that any response by MIT is required, Defendant states that the allegations in Paragraph 90 assert legal conclusions to which no response is required. To the extent that Paragraph 90 includes any factual allegations, Defendant denies these allegations.

91.     Defendant states that the allegations in Paragraph 91 are directed at Defendant Lewin. To the extent that any response by MIT is required, Defendant states that the allegations in Paragraph 91 assert legal conclusions to which no response is required. To the extent that Paragraph 91 includes any factual allegations, Defendant denies these allegations.

92.     Defendant states that the allegations in Paragraph 92 are directed at Defendant Lewin. To the extent that any response by MIT is required, Defendant states that the allegations in Paragraph 92 assert legal conclusions to which no response is required. To the extent that Paragraph 92 includes any factual allegations, Defendant denies these allegations.

93.     Defendant states that the allegations in Paragraph 93 are directed at Defendant Lewin. To the extent that any response by MIT is required, Defendant states that the allegations in Paragraph 93 assert legal conclusions to which no response is required. To the extent that Paragraph 93 includes any factual allegations, Defendant denies these allegations.

94.     Defendant states that the allegations in Paragraph 94 are directed at Defendant Lewin. To the extent that any response by MIT is required, Defendant states that the allegations in Paragraph 94 assert legal conclusions to which no response is required. To the extent that Paragraph 94 includes any factual allegations, Defendant denies these allegations.

95.     Defendant states that the allegations in Paragraph 95 are directed at Defendant Lewin. To the extent that any response by MIT is required, Defendant states that the allegations in Paragraph 95 assert legal conclusions to which no response is required. To the extent that Paragraph 95 includes any factual allegations, Defendant denies these allegations.

96.     Defendant states that the allegations in Paragraph 96 are directed at Defendant Lewin. To the extent that any response by MIT is required, Defendant states that the allegations in Paragraph 96 assert legal conclusions to which no response is required. To the extent that Paragraph 96 includes any factual allegations, Defendant denies these allegations.

97.     Defendant states that the allegations in Paragraph 97 are directed at Defendant Lewin. To the extent that any response by MIT is required, Defendant states that the allegations in Paragraph 97 assert legal conclusions to which no response is required. To the extent that Paragraph 97 includes any factual allegations, Defendant denies these allegations.

98.     Defendant states that the allegations in Paragraph 98 are directed at Defendant Lewin. To the extent that any response by MIT is required, Defendant states that the allegations in Paragraph 98 assert legal conclusions to which no response is required. To the extent that Paragraph 98 includes any factual allegations, Defendant denies these allegations.

99.     Defendant states that the allegations in Paragraph 99 are directed at Defendant Lewin. To the extent that any response by MIT is required, Defendant states that the allegations in Paragraph 99 assert legal conclusions to which no response is required.

- 17 -

**COUNT IV**
**<u>NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST</u>**
**<u>DEFENDANT MIT</u>**

100.   Defendant repeats its responses to Paragraphs 1 through 98.

101.   Defendant states that the allegations in Paragraph 101 assert legal conclusions to which no response is required. To the extent that Paragraph 101 includes any factual allegations, Defendant denies those allegations.

102.   Defendant states that the allegations in Paragraph 102 assert legal conclusions to which no response is required. To the extent that Paragraph 102 includes any factual allegations, Defendant denies those allegations.

103.   Defendant states that the allegations in Paragraph 103 assert legal conclusions to which no response is required. To the extent that Paragraph 103 includes any factual allegations, Defendant denies those allegations.

104.   Defendant states that the allegations in Paragraph 104 assert legal conclusions to which no response is required. To the extent that Paragraph 104 includes any factual allegations, Defendant denies those allegations and lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff attempted to take her own life and self-mutilated.

105.   Defendant states that the allegations in Paragraph 105 assert legal conclusions to which no response is required. To the extent that Paragraph 105 includes any factual allegations, Defendant denies those allegations.

106.   Defendant states that the allegations in Paragraph 106 assert legal conclusions to which no response is required. To the extent that Paragraph 106 includes any factual allegations, Defendant denies those allegations.

B4762492.1

107.   Defendant states that the allegations in Paragraph 107 assert legal conclusions to which no response is required. To the extent that Paragraph 107 includes any factual allegations, Defendant denies those allegations and lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff endured months of pain and suffering.

108.   Defendant states that the allegations in Paragraph 108 assert legal conclusions to which no response is required. To the extent that Paragraph 108 includes any factual allegations, Defendant denies those allegations and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's subjective experiences and health conditions.

**COUNT V**
**<u>NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST</u>**
**<u>DEFENDANT WALTER LEWIN</u>**

109.   Defendant states that the allegations in Paragraph 109 are directed at Defendant Lewin. To the extent that any response by MIT is required, Defendant repeats its responses to Paragraphs 1 through 107.

110.   Defendant states that the allegations in Paragraph 110 are directed at Defendant Lewin. To the extent that any response by MIT is required, Defendant states that the allegations in Paragraph 110 assert legal conclusions to which no response is required. To the extent that Paragraph 110 includes any factual allegations, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other parties.

111.   Defendant states that the allegations in Paragraph 111 are directed at Defendant Lewin. To the extent that any response by MIT is required, Defendant states that the allegations in Paragraph 111 assert legal conclusions to which no response is required. To the extent that

- 19 -

Paragraph 111 includes any factual allegations, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other parties.

112.   Defendant states that the allegations in Paragraph 112 are directed at Defendant Lewin. To the extent that any response by MIT is required, Defendant states that the allegations in Paragraph 112 assert legal conclusions to which no response is required. To the extent that Paragraph 112 includes any factual allegations, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other parties.

113.   Defendant states that the allegations in Paragraph 113 are directed at Defendant Lewin. To the extent that any response by MIT is required, Defendant states that the allegations in Paragraph 113 assert legal conclusions to which no response is required. To the extent that Paragraph 113 includes any factual allegations, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other parties.

114.   Defendant states that the allegations in Paragraph 114 are directed at Defendant Lewin. To the extent that any response by MIT is required, Defendant states that the allegations in Paragraph 114 assert legal conclusions to which no response is required. To the extent that Paragraph 114 includes any factual allegations, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other parties.

115.   Defendant states that the allegations in Paragraph 115 are directed at Defendant Lewin. To the extent that any response by MIT is required, Defendant states that the allegations

B4762492.1

in Paragraph 115 assert legal conclusions to which no response is required. To the extent that Paragraph 115 includes any factual allegations, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other parties.

116.    Defendant states that the allegations in Paragraph 116 are directed at Defendant Lewin. To the extent that any response by MIT is required, Defendant states that the allegations in Paragraph 116 assert legal conclusions to which no response is required. To the extent that Paragraph 116 includes any factual allegations, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other parties.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST WALTER LEWIN

117.    Defendant states that the allegations in Paragraph 117 are directed at Defendant Lewin. To the extent that any response by MIT is required, Defendant repeats its responses to Paragraphs 1 through 101.

118.    Defendant states that the allegations in Paragraph 118 are directed at Defendant Lewin. To the extent that any response by MIT is required, Defendant states that the allegations in Paragraph 118 assert legal conclusions to which no response is required. To the extent that Paragraph 118 includes any factual allegations, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other parties.

119.    Defendant states that the allegations in Paragraph 119 are directed at Defendant Lewin. To the extent that any response by MIT is required, Defendant states that the allegations

- 21 -

in Paragraph 119 assert legal conclusions to which no response is required. To the extent that Paragraph 119 includes any factual allegations, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other parties.

120.   Defendant states that the allegations in Paragraph 120 are directed at Defendant Lewin. To the extent that any response by MIT is required, Defendant states that the allegations in Paragraph 120 assert legal conclusions to which no response is required. To the extent that Paragraph 120 includes any factual allegations, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other parties.

121.   Defendant states that the allegations in Paragraph 121 are directed at Defendant Lewin. To the extent that any response by MIT is required, Defendant states that the allegations in Paragraph 121 assert legal conclusions to which no response is required. To the extent that Paragraph 121 includes any factual allegations, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other parties.

122.   Defendant states that the allegations in Paragraph 122 are directed at Defendant Lewin. To the extent that any response by MIT is required, Defendant states that the allegations in Paragraph 122 assert legal conclusions to which no response is required. To the extent that Paragraph 122 includes any factual allegations, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other parties.

123.   Defendant states that the allegations in Paragraph 123 are directed at Defendant Lewin. To the extent that any response by MIT is required, Defendant states that the allegations in Paragraph 123 assert legal conclusions to which no response is required. To the extent that Paragraph 123 includes any factual allegations, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other parties.

124.   Defendant states that the allegations in Paragraph 124 are directed at Defendant Lewin. To the extent that any response by MIT is required, Defendant states that the allegations in Paragraph 124 assert legal conclusions to which no response is required. To the extent that Paragraph 124 includes any factual allegations, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other parties.

125.   Defendant states that the allegations in Paragraph 125 are directed at Defendant Lewin. To the extent that any response by MIT is required, Defendant states that the allegations in Paragraph 125 assert legal conclusions to which no response is required. To the extent that Paragraph 125 includes any factual allegations, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other parties.

126.   Defendant states that the allegations in Paragraph 126 are directed at Defendant Lewin. To the extent that any response by MIT is required, Defendant states that the allegations in Paragraph 126 assert legal conclusions to which no response is required. To the extent that Paragraph 126 includes any factual allegations, Defendant states that it lacks knowledge or

B4762492.1

information sufficient to form a belief as to the truth of the allegations concerning the other parties.

### COUNT VII
### ASSAULT AGAINST WALTER LEWIN

127.    Plaintiff withdrew this claim and it was directed at Defendant Lewin.

128.    Plaintiff withdrew this claim and it was directed at Defendant Lewin.

### COUNT VIII
### VIOLATION OF MASS. GEN. LAWS CH. 214 §1C AGAINST DEFENDANT MIT

129.    Defendant repeats its responses to Paragraphs 1 through 113.

130.    Defendant states that the allegations in Paragraph 130 assert legal conclusions to which no response is required. To the extent that Paragraph 130 asserts any factual allegations, Defendant denies those allegations.

131.    Defendant states that the allegations in Paragraph 131 assert legal conclusions to which no response is required. To the extent that Paragraph 131 asserts any factual allegations, Defendant denies those allegations.

### COUNT IX
### BREACH OF CONTRACT AGAINST MIT AND LEWIN

132.    Defendant states that the Court has dismissed this Count pursuant to its Order on Defendant's Motion to Dismiss, D.N. 78. Therefore, no response is required to the allegations in Paragraph 132. To the extent that any of the allegations are incorporated into other Counts, Defendant states that the allegations in Paragraph 132 assert legal conclusions to which no response is required. To the extent that Paragraph 132 asserts any factual allegations, Defendant denies those allegations.

133.    Defendant states that the Court has dismissed this Count pursuant to its Order on Defendant's Motion to Dismiss, D.N. 78. Therefore, no response is required to the allegations in

B4762492.1

Paragraph 133. To the extent that any of the allegations are incorporated into other Counts, Defendant states that the allegations in Paragraph 133 assert legal conclusions to which no response is required. To the extent that Paragraph 133 asserts any factual allegations, Defendant denies those allegations.

134.   Defendant states that the Court has dismissed this Count pursuant to its Order on Defendant's Motion to Dismiss, D.N. 78. Therefore, no response is required to the allegations in Paragraph 134. To the extent that any of the allegations are incorporated into other Counts, Defendant states that the allegations in Paragraph 134 assert legal conclusions to which no response is required. To the extent that Paragraph 134 asserts any factual allegations, Defendant denies those allegations.

135.   Defendant states that the Court has dismissed this Count pursuant to its Order on Defendant's Motion to Dismiss, D.N. 78. Therefore, no response is required to the allegations in Paragraph 135. To the extent that any of the allegations are incorporated into other Counts, Defendant states that the allegations in Paragraph 135 assert legal conclusions to which no response is required. To the extent that Paragraph 135 asserts any factual allegations, Defendant denies those allegations.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's state law claims are precluded by G.L. c. 214 §1C.

### Second Affirmative Defense

Plaintiff failed to fulfill her obligations to mitigate damages and consequently is barred from any recovery hereunder.

- 25 -

### Third Affirmative Defense

The claims in Plaintiff's Complaint, or any of them, are barred in whole or in part by the doctrine of laches.

### Fourth Affirmative Defense

Defendant acted reasonably and in good faith toward Plaintiff.

### Fifth Affirmative Defense

Plaintiff caused or contributed to the alleged injuries. All of Plaintiff's damages, if any, should be reduced in direct proportion to her contribution.

### Sixth Affirmative Defense

Plaintiff lacks an actionable cause against Defendant.

### Seventh Affirmative Defense

MIT had no duty of care to Plaintiff in these circumstances.

### Eighth Affirmative Defense

MIT did not act negligently.

### Ninth Affirmative Defense

Any wrongful acts of Defendant Lewin were outside the scope of his employment.

### Tenth Affirmative Defense

MIT is not legally responsible for the alleged conduct of Defendant Lewin in these circumstances.

### Eleventh Affirmative Defense

Plaintiff failed to timely file a complaint with the Massachusetts Commission Against Discrimination.

### Twelfth Affirmative Defense

B4762492.1

Any recovery by Plaintiff is limited by G.L. c. 231 §85K.

Respectfully submitted,

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

By its attorneys,
*/s/ Martin F. Murphy*
Martin F. Murphy, BBO #363250
Jennifer A. Kirby, BBO #678885
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1000
mmurphy@foleyhoag.com
jkirby@foleyhoag.com

Dated: November 14, 2017

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 14th day of November 2017.

*/s/ Jennifer A. Kirby*

- 27 -

B4762492.1