UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FAIZA HARBI,<br><br>Plaintiff,<br><br>v.<br><br>MASSACHUSETTS INSTITUTE OF TECHNOLOGY, et. al.<br><br>Defendants. | CIVIL ACTION NO. 1:16-cv-12394-FDS |

**(~~PROPOSED~~) PROTECTIVE ORDER**
**REGARDING CONFIDENTIAL INFORMATION**

Pursuant to Federal Rule of Civil Procedure 26(c) and for good cause shown, the Court hereby enters the following Protective Order:

WHEREAS, pursuant to discovery or otherwise during the course of this lawsuit, as captioned above (the "Lawsuit"), the Parties may be required to disclose confidential and sensitive information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, a protective order pursuant to Rule 26(c) is necessary in this case to prevent unnecessary disclosure or dissemination of such confidential and sensitive information held by the Parties.

THEREFORE, IT IS HEREBY ORDERED that the following provisions of this Protective Order (hereafter the "Order") shall control the disclosure, dissemination, and use of confidential information in the Lawsuit:

1. Scope of Order. This Order shall govern the production, use, and disclosure of all information and materials produced by the Parties or Non-Parties in response to any discovery request in this action (including, but not limited to, documents, interrogatory answers, responses to requests to admit, and deposition transcripts and exhibits), all information contained in those

materials, and all copies, excerpts, or summaries of those materials (collectively, "Discovery Material").

2. Designation of Confidential Discovery Material. A Party may, in good faith, designate as CONFIDENTIAL and therefore subject to the protections and requirements of this Order, any Discovery Material that the designating Party reasonably believes contains confidential information, including personal, proprietary, or sensitive information not generally disclosed to the public. Discovery Material designated CONFIDENTIAL shall be used by the receiving Parties solely for the prosecution or defense of this action and shall not be disclosed to any person or entity unless specifically authorized by the terms of this Order or by further order of the Court. Consistent with the requirements of this paragraph, a Party may, within twenty-one (21) days of receipt of the Discovery Materials, by written notice to the other Parties, designate as CONFIDENTIAL any Discovery Materials produced or given by the other parties or by a non-party but not designated CONFIDENTIAL by that other party or non-party.

3. Use of Confidential Discovery Material. Discovery Material designated CONFIDENTIAL may be disclosed, subject to the specific procedures and provisions contained in this Order, to the following persons and/or entities only:

(a) This Court, or any other court having jurisdiction over any related proceeding and that adopts the procedures and provisions contained in this Order, and the officers, employees, and any stenographic reporters of such courts;

(b) In-house and outside counsel representing the Parties and their support personnel whose functions require access to Discovery Material designated CONFIDENTIAL (collectively "Attorney Professionals");

(c) The Parties, including present officers and employees of the Parties, to the extent reasonably necessary for the prosecution or defense of claims in this Lawsuit;

(d) Outside vendors who perform scanning, photocopying, computer classification, translation, or similar clerical functions, but only for the purposes of performing such services and only so long as necessary to perform those services;

(e) Independent experts consulted or retained by counsel for assistance in the preparation or prosecution of claims or defenses in this action, to the extent reasonably necessary for such experts to prepare a written opinion or to prepare to testify or to assist counsel in this action;

(f) A witness who has been noticed or subpoenaed for deposition or a court appearance in this action to the extent reasonably necessary for the preparation or giving of his or her testimony about CONFIDENTIAL Discovery Material;

(g) Any other person who is so designated by order of any court before which this action is pending (including this Court), or by written agreement of the producing Party.

No CONFIDENTIAL Discovery Material may be disclosed to persons identified in subparagraphs (e) or (f) until they have reviewed this Order and have either: (1) executed a written agreement in the form attached hereto as Exhibit A, which executed agreements shall be maintained by counsel of record for the Party making the disclosure to such persons (provided that Counsel who makes such disclosure shall retain the written agreement but shall not be required to produce it to opposing counsel until the deposition of the person or without order of the Court); or (2) agreed on the record at a deposition to be bound by its terms.

4. Effect of Designation. The designation of Discovery Material as CONFIDENTIAL pursuant to the Order shall not be construed as a waiver of any objection or a concession by any

Party that such Discovery Material is relevant or material to any issue. Nor shall a failure to object to the designation of any such Discovery Material be construed as a concession by the receiving Parties that such Discovery Material is, in fact, confidential or otherwise entitled to protection under the terms of this Order. All Parties maintain their respective rights to object to production of any requested documents on the grounds that they are otherwise not discoverable, including, but not limited to, objections based on any applicable privilege, undue burden, over-breadth, not relevant, not proportional to the needs of the case, and all other objections. Any Party may seek an order from the Court determining that specified Discovery Material or categories of Discovery Material are not entitled to be treated as CONFIDENTIAL. Prior to seeking such an order, the Party seeking the order may write a letter to the designating Party identifying the Discovery Material it challenges. The designating Party seeking confidential treatment shall then have fourteen (14) days from receipt of that letter to respond with its reasons; provided that failure to provide a timely response to a letter challenging a confidentiality designation shall be deemed a waiver of that Party's right to demand confidential treatment of the challenged material. For the purposes of any motion or other request brought by a Party seeking an order from the Court determining that specified Discovery Material or categories of Discovery Material are not entitled to be treated as CONFIDENTIAL, the burden shall be on the designating Party to demonstrate that the Discovery Material at issue is entitled to such treatment. Discovery Material designated CONFIDENTIAL shall remain subject to the protection of this Order unless and until the Court determines that such Discovery Material is not entitled to such designation.

5. Except as otherwise provided in Paragraph 3 of this Order, Discovery Materials marked as CONFIDENTIAL, and any copies, abstracts, or summaries thereof, shall be retained in the exclusive custody of the other Parties' attorneys (including in-house counsel) at all times

during the pendency of the litigation. All Parties are required to sign Exhibit A to this Order before receiving any CONFIDENTIAL Discovery Materials.

6. No designation of CONFIDENTIAL shall be effective as to a particular page of Discovery Material unless there is placed on or affixed to each page of such Discovery Material a marking of CONFIDENTIAL. In the case of electronic documents produced in native format, such designation may be made on the physical media (e.g., CD Rom disc) containing such electronic documents.

7. The failure of a Party to designate information or documents as CONFIDENTIAL in accordance with this Order, and the failure to object to such a designation, is not a waiver of the right to do so and shall not preclude a Party at a later time from subsequently designating or objecting to the designation of such information or documents as CONFIDENTIAL. The Parties understand and acknowledge that a Party's failure to designate information or documents as CONFIDENTIAL relieves the other Parties of any obligation of confidentiality until such a designation is made. Promptly after written notice to the receiving Parties of any such subsequent designation by the producing Party, which notice shall specifically identify the documents or information to be designated, the Parties shall confer and agree upon a method to mark as CONFIDENTIAL any such subsequently designated documents. All documents containing any such subsequently designated information will be thereafter treated appropriately in accordance with this Order.

8. Testimony may be designated CONFIDENTIAL within thirty (30) days after receipt of a transcript of said testimony by furnishing to counsel for the other Parties a detailed statement of the specific portions of any such information, by page and line number or exhibit number, by designating lines and pages as confidential by highlighting or digital marking, or by a

statement on the record to that effect at the time the testimony is given. Pending the expiration of said thirty (30) days, all Parties shall presumptively treat the entire deposition transcript as CONFIDENTIAL.

9. All CONFIDENTIAL Discovery Material shall be maintained under the direct control of counsel of record, who shall be responsible for preventing any disclosure thereof, except as permitted by the terms of this Order. Nothing herein, however, shall restrict Attorney Professionals from reviewing and making working copies, abstracts, and digests of CONFIDENTIAL Discovery Material for use in connection with this action, and such working copies, abstracts, and digests shall be deemed CONFIDENTIAL Discovery Material under the terms of this Order provided that access to CONFIDENTIAL Discovery Material, in whatever form stored or reproduced, shall be limited to those persons entitled to receive such information pursuant to the terms of this Order and shall be appropriately marked in accordance with the terms of this Order.

10. Unless otherwise instructed by the Court, at the conclusion of this action, including any appeals, all CONFIDENTIAL Discovery Material, in whatever form stored or reproduced, shall be returned to counsel of record for the Party who produced said Discovery Material, or the receiving Parties shall certify that all such information has been destroyed. However, the attorneys for the Parties shall be entitled to retain all litigation documents, including exhibits and their own memoranda, containing CONFIDENTIAL Discovery Material, but such litigation documents and memoranda shall be used only for the purpose of preserving a file on this action, and shall not, without the written permission of the designating Party or an order of this Court, be disclosed to anyone other than those to whom such information was actually disclosed, in accordance with this Order, during the course of this action.

11. In addition to the requirements of this Order, the court reporter before whom a deposition or other testimony relating to CONFIDENTIAL Discovery Material shall, at the request of any Party, designate a portion of the deposition or any exhibits containing CONFIDENTIAL Discovery Material as such.

12. Any Party seeking to file documents containing CONFIDENTIAL Discovery Material shall be permitted to do so, but must submit such documents directly to the Clerk with a cover letter indicating that the materials are subject to the terms of this Protective Order and requesting that the materials be treated as confidential, or as otherwise directed by the Court; provided that in each such instance, the Party may publicly file a document indicating that CONFIDENTIAL Discovery Material has been submitted to the Court pursuant to this Protective Order.

13. If a person in possession of CONFIDENTIAL Discovery Material who is not the producing Party with respect to that CONFIDENTIAL Discovery Material receives a subpoena or other request seeking production or other disclosure of CONFIDENTIAL Discovery Material, that person shall immediately give written notice to counsel for the producing Party, identifying the CONFIDENTIAL Discovery Material sought and the date and time that production or other disclosure is required, unless such subpoena or request comes from any government agency. In no event should production or disclosure be made without written approval by counsel for the producing Party or by further order of the Court or another court of competent jurisdiction.

14. Should any Discovery Material designated as CONFIDENTIAL be disclosed, through inadvertence or otherwise, to any person and/or entity not entitled to access or review same, then such person and/or entity shall be subject to this Order, and:

(a) Shall be informed promptly of all provisions of this Order by the responsible Party;

(b) Shall immediately be identified to all counsel of record by the responsible Party; and

(c) Shall be requested, in writing by the responsible Party, to return the material to the responsible Party.

15. Inadvertent disclosure by the disclosing Party of any CONFIDENTIAL Discovery Material, regardless of whether said Discovery Material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the protectability of the CONFIDENTIAL Discovery Material in accordance with the terms of this Order, either as to the specific Discovery Material disclosed, or as to any other information relating thereto or relating to the same or related subject matter.

16. The Parties shall take reasonable steps to prevent disclosure of information covered by the attorney-client privilege or work product doctrine. The inadvertent disclosure of such information shall not operate as a waiver if the producing Party, upon learning of the inadvertent production, promptly notifies in writing the Parties that received the information of the claim of privilege or protection and the basis for it. After being notified, a receiving Party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the information if the receiving Party disclosed it before being notified.

17. This Order is without prejudice to the right of any Party to apply to the Court at any time for additional protection, or to amend, modify, or rescind the restrictions of this Order. The Parties expressly reserve the right to seek modification, amendment, or recscission of this Order by mutual agreement in writing.

18. All persons to whom CONFIDENTIAL Discovery Material is disclosed shall be subject to the jurisdiction of this Court for the purpose of enforcing this Order. This Order shall continue in full force and effect, and shall be binding upon the Parties and all persons to whom CONFIDENTIAL Discovery Material has been disclosed, both during and after the pendency of this case.

So Ordered:

[signature]

United States District Judge

Date: Jan. 29, 2018



B4760669.1